IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sharon Beane,<br>Tracy Hicks-Johnson,<br><br>               Plaintiffs,<br><br>vs.<br><br>Agape Management Services, Inc.,<br><br>               Defendant. | C/A No. 3:08-3445-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

This employment discrimination matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendant's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6)—or, alternatively, to strike pursuant to Rule 12(f)—of the Federal Rules of Civil Procedure. (Docket Entry 6.) The plaintiffs filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Both Beane and Hicks-Johnson assert claims regarding hostile work environment, "reverse" race discrimination, and retaliation. Defendant Agape Management Services, Inc. ("Agape") seeks to dismiss some of those claims.

## BACKGROUND

Agape operates assisted living facilities and other health care services for senior citizens. Hicks-Johnson formerly served as the engineering services director at Agape's West Columbia facilities, supervising housekeeping employees, including, at one time, Beane. Hicks-Johnson and Beane are both white females. During the relevant time periods, all other housekeeping employees working under Hicks-Johnson's supervision were non-Caucasian.



Beane contends that she was harassed because of her race and that she complained to Agape management. Agape subsequently terminated Beane's employment. Beane then filed a charge of discrimination ("EEOC Charge") with the Equal Employment Opportunity Commission through the South Carolina Human Affairs Commission. In her EEOC Charge, which was completed on EEOC Form 5, Beane checked the box indicating that her charge of discrimination was based upon race. She did not check the box indicating that she suffered retaliation. In her statement of particulars, she contended that she was "subjected to racial harassment on the job," and that she had been "working in a hostile work environment because of [her] race." She concluded, "I therefore believe that I have been discriminated against because of my race (white)." (EEOC Charge, Docket Entry 6-4 at 2.)

Hicks-Johnson contends that she complained in writing to Agape's legal department about Agape's treatment of Beane. Agape subsequently terminated Hicks-Johnson's employment. Hicks-Johnson then filed an EEOC Charge, also completing EEOC Form 5, in which she checked the box indicating that she suffered discrimination based on "Retaliation." She did not check the box indicating that she suffered discrimination based upon her race. In her statement of particulars, she contended that she was given a pretextual reason for her termination, and that she had been terminated because she complained about discrimination. She further asserted that she was "denied an opportunity to hire white applicants solely because of race," that she was instructed to "dismiss a white employee," and that she participated as a witness regarding a discrimination complaint filed with the EEOC by another employee. She also contended that she "informed the owner about a previous employee who was mistreated because she is white." (EEOC Charge, Docket Entry 6-7 at 2.) She concluded, "I therefore believe that I have been discriminated against in retaliation for my opposition to the respondent's unlawful employment practices . . . ." (Id.)



After receiving right-to-sue letters, Beane and Hicks-Johnson commenced the instant lawsuit, both asserting claims of retaliation, race discrimination, and hostile work environment. Agape now moves to dismiss portions of the Complaint, contending: (1) that Beane has failed to exhaust administrative remedies with regard to a claim of retaliation; (2) that Hicks-Johnson has failed to exhaust administrative remedies regarding her claims that she personally suffered race discrimination or a hostile work environment; and (3) that the Complaint fails to allege facts sufficient to state a claim for which relief can be granted with regard to Hicks-Johnson's claims of race discrimination and hostile work environment.[1]

**DISCUSSION**

**A.     Motion to Dismiss Standards**

The defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) contending that certain causes of action in the Complaint should be dismissed because the plaintiffs failed to administratively exhaust all of the claims they have raised. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiffs' burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiffs' complaint. Edwards v. City of

---

[1]Agape also initially contended that Beane's Complaint is untimely because she failed to file within 90 days of receiving her right-to-sue letter. In its Reply, however, Agape appears to abandon this ground at the present time. (Docket Entry 13 at 1 n.1.)



Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007).

**B.    Exhaustion of Administrative Remedies**

**1.    12(b)(1) or 12(b)(6)?**

As a threshold issue, the parties are not in accord as to whether a motion to dismiss for failure to exhaust administrative remedies is properly brought pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. "Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). Courts have characterized this exhaustion requirement in a variety of ways. Some have held that the failure to exhaust deprives the federal court of subject matter jurisdiction. Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009); E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994); Felder v. Runyon, 2000 WL 1478145, *1 (6th Cir. 2000) (unpublished). Others describe the requirement as a "jurisdictional prerequisite," a "procedural prerequisite," or simply a requirement. See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir.1999); Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999); see also Branch-Williams v. Nicholson, 2007 WL 4468708 (D. Md. 2007) (unpublished) (discussing two ways to treat a motion to dismiss for failure to exhaust administrative remedies).

*PJG*

As the parties' memoranda reflect, this lack of uniformity in nomenclature clouds the precedent in this circuit. Compare Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (stating that the failure of the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal court of subject matter jurisdiction) with Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (referring to one of the steps to accomplish exhaustion as a "jurisdictional prerequisite" and stating that the failure to comply with this prerequisite means that the court's jurisdiction is not properly invoked). Nonetheless, all of the precedential authority in the Fourth Circuit makes clear that a plaintiff who files a Title VII claim in federal court without first properly exhausting administrative remedies fails to properly invoke the jurisdiction of the court. See Jones, 551 F.3d at 300; Davis, 48 F.3d at 140; Sloop, 198 F.3d at 148. Regardless of whether the court views the proper procedural vehicle as a Rule 12(b)(1) motion or one pursuant to Rule 12(b)(6), the result is the same: unexhausted claims *must* be dismissed.[2]

Moreover, contrary to the plaintiffs' assertion, even if the motion at bar were treated as one pursuant to Rule 12(b)(6), it need not result in the conversion of Agape's motion into a Rule 56 motion for summary judgment. Although the court has considered Beane's and Hicks-Johnson's EEOC Charges in reviewing the instant motion to dismiss, such consideration of a document "outside the pleadings" does not convert the motion into one for summary judgment under Rule 56, as the EEOC Charges are referred to in the Complaint and relied upon by the plaintiffs. See Biospherics, Inc. v. Forbes, Inc., 989 F. Supp. 748, 749 (D. Md. 1997) (recognizing an exception to

---

[2]The rule is different when a plaintiff has failed to *timely* file an administrative charge, rather than *failing* to exhaust her administrative remedies. Cf. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that the *timely* filing of a "charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling").



Rule 12(d)'s conversion rule when documents are referred to in the complaint and relied on in bringing the action); see also New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America, 18 F.3d 1161, 1164 (4th Cir. 1994) (holding that the district court did not err in considering, in connection with a Rule 12(b)(6) motion, a document referred to in the plaintiff's complaint to justify a cause of action).

### 2. Requirement to Exhaust All Claims

Courts have interpreted the requirement to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (quoting Equal Employment Opportunity Comm'n v. Gen. Elec., 532 F.2d 359, 365 (4th Cir. 1976)); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit."). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).



> The Fourth Circuit has emphasized:
>
> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent . . . lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted). Therefore, a "civil suit under Title VII is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994). When a claim "raised under Title VII exceed[s] the scope of the EEOC charge and any charge that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

**C.     Exhaustion as to Beane's Retaliation Claim**

Beane has failed to exhaust administrative remedies with regard to her claim of retaliation. (See Compl. ¶¶ 17-20, 37-40, Docket Entry 1 at 3-4, 6-7.) Courts have specifically held that when a claim of retaliation could have been raised in the original EEOC charge, such a claim must be



administratively exhausted or it is procedurally barred.  See Riley v. Tech. & Mgmt. Servs. Corp., Inc., 872 F. Supp. 1454, 1459-60 (D. Md. 1995), aff'd, 79 F.3d 1141 (4th Cir. 1996) (finding that where an act of retaliation occurred prior to the filing of the EEOC charge and the plaintiffs failed to check the "retaliation" box, the retaliation claims were not administratively exhausted); see also McMillan v. S.C. Dep't of Corr., 16 F. Supp. 2d 635, 646 (D.S.C. 1997) (holding that where a charging party could have raised allegations of retaliation at the time she filed her charge, exhaustion of administrative remedies with respect to that charge is required), aff'd, 153 F.3d 721 (4th Cir. 1998).  In fact, the United States Court of Appeals for the Fourth Circuit has found that where a plaintiff fails to check the "retaliation" box on the EEOC form and the narrative portion of the charge makes no mention of retaliation, such a claim should be dismissed for failure to exhaust administrative remedies.  See Miles v. Dell, Inc., 429 F.3d 480, 492 (4th Cir. 2005); see also Davenport v. Wal-Mart Stores East, L.P., 2008 WL 1984259 (E.D. Va. May 6, 2008) (finding that the plaintiff's retaliation claim was unexhausted where the plaintiff failed to check the "retaliation" box and failed to allege retaliation anywhere in her EEOC charge).

Here, Beane, like the plaintiffs in many of the cases cited above, did not check the "retaliation" box on her EEOC Charge and made no allegation of retaliation in the narrative section. Her EEOC Charge simply contains no allegations that would indicate to Agape or the EEOC that she had suffered retaliation, as opposed to or in addition to race discrimination, in violation of Title VII.  Accordingly, she has not administratively exhausted this claim.

D.    **Exhaustion as to Hicks-Johnson's Race Discrimination and Hostile Work Environment Claims**

Hicks-Johnson has similarly failed to exhaust administrative remedies with respect to all of the claims she asserts in the Complaint.  (See Compl. ¶¶ 27-36, Docket Entry 1 at 5-6.)  In




considering the converse of Beane's situation, the Fourth Circuit has held that when only a claim of retaliation, but no other form of Title VII discrimination, is raised in a charge before the EEOC, other Title VII claims are procedurally barred. Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). As more fully described above, Hicks-Johnson's EEOC Charge contends only that she suffered retaliation, making no mention of any race discrimination or hostile work environment personally experienced by Hicks-Johnson. The entire gist of her administrative charge is that she complained about Agape discriminating against white employees, was not permitted to hire or retain white employees, participated as a witness in another employee's discrimination claim, and opposed Agape's allegedly unlawful employment practices. No mention is made of any discriminatory action against Hicks-Johnson on account of *her* race, as opposed to that of other employees. Further, her EEOC charge is devoid of any facts alleging that she was personally subjected to a hostile work environment. Accordingly, these claims are procedurally barred.[3]

---

[3]In light of the court's conclusion that the court's jurisdiction has not been properly invoked with regard to these claims, the court need not address Agape's contention that the Complaint does not contain sufficient factual allegations to state a claim for relief on those causes of action. See Jones, 551 F.3d at 301 (holding that the district court erred in entering a judgment on the merits on a Title VII claim after determining that the plaintiff failed to exhaust her administrative remedies with regard to that claim).



# RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion to dismiss (Docket Entry 6) be granted and that certain causes of action in the Complaint be dismissed because the court's jurisdiction has not been properly invoked with respect to those claims. Specifically, Beane's claim of retaliation found in Paragraphs 17-20 and 37-40 of the Complaint and Hicks-Johnson's claims of race discrimination and hostile work environment contained in Paragraphs 27-36 of the Complaint should be dismissed for failure to exhaust administrative remedies.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 23, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).