IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sharon Beane, | ) | C/A NO. 3:08-3445-CMC-PJG |
| Tracy Hicks-Johnson | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Agape Management Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff Sharon Beane ("Beane") seeks recovery under Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII")*,* from her former

employer, Defendant Agape Management Services, Inc. ("Agape"). Plaintiff Tracy Hicks-Johnson

("Hicks-Johnson") also seeks recovery under Title VII from her former employer, Agape. Both

Beane and Hicks-Johnson assert claims regarding hostile work environment, "reverse" race

discrimination, and retaliation. Agape moved to dismiss Beane's claim for retaliation and Hicks-

Johnson's claims for race discrimination and hostile work environment.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this

matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and

a Report and Recommendation ("Report"). On June 23, 2009, the Magistrate Judge issued a Report

recommending that Defendant's motion to dismiss be granted as to Beane's claim for retaliation and

Hicks-Johnson's claims for race discrimination and hostile work environment for failure to exhaust

administrative remedies. Dkt. No. 21. The Magistrate Judge advised the parties of the procedures

and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so.

Plaintiffs timely filed objections on July 7, 2009. Dkt No. 22. Defendant filed a responsive memorandum addressing Plaintiffs' objections on July 13, 2009. Dkt. No. 24. The matter is now before the court for review of the Report and Recommendation.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

The court has made a *de novo* review of the Report and underlying record as to all matters to which Plaintiffs lodged an objection and has reviewed the Report for clear error as to other matters. Having done so, the undersigned finds no substantive errors in the Report and concurs with the Report in its analysis. The court will, however, briefly address each of Plaintiffs' objections.

**Type of Dismissal.**  Plaintiffs object to the Magistrate Judge's recommendation to dismiss three claims without specifying whether the dismissal was pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure.  The court finds that the Magistrate Judge recommended dismissal of the claims pursuant to 12(b)(1) because she said that "all the precedential authority in the Fourth Circuit makes clear that a plaintiff who files a Title VII claim in federal court without first properly exhausting administrative remedies fails to properly invoke the jurisdiction of the court." Report at 5.  Although the Magistrate Judge acknowledged she would recommend dismissal regardless of whether deciding under 12(b)(1) or 12(b)(6), the Magistrate Judge's finding of lack of jurisdiction indicates that the recommendation was for dismissal pursuant to Rule 12(b)(1).  The court confirms that 12(b)(1) is the appropriate avenue for dismissing Plaintiffs' claims for failure to exhaust administrative remedies. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.").

*Laber***.**  Plaintiffs argue that dismissal under Rule 12(b)(1) is inconsistent with the Fourth Circuit's *en banc* decision in *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006).  The court is not persuaded by Plaintiffs' argument.  In *Laber*, the Fourth Circuit held that the federal district court had jurisdiction over Laber's Title VII claim because resolution of the claim required interpretation of a federal law.  Laber, a civilian employee of the Army, presented an issue of first impression when he asked the court to hear his claim for additional relief above the award ordered by the Office of Federal Operations ("OFO"), without placing the issue of liability before the court.[1]  The court

---

[1] The OFO is the office at the Equal Employment Opportunity Commission that handles Title VII complaints by federal employees.

rejected defendant's argument that the court lacked subject matter jurisdiction to address Laber's claim finding that the question presented by Laber was not "so insubstantial as to deprive the district court of jurisdiction under § 1331." 438 F.3d at 425-26.

In finding that the court had subject matter jurisdiction under § 1331, the Fourth Circuit did not conclude, as Plaintiffs argue, that federal district courts have jurisdiction over all Title VII claims under § 1331 (federal question jurisdiction). Rather, the court found subject matter jurisdiction in *Laber* because plaintiff presented a federal question of first impression concerning the scope of a Title VII claim in federal court after prevailing on the issue of liability before the OFO. The Fourth Circuit did not give any indication that *Laber* overruled long-standing precedent requiring plaintiffs to exhaust administrative remedies prior to filing Title VII cases in federal court. Further, the Fourth Circuit has continued to require plaintiffs to exhaust administrative remedies after *Laber*. *See Jones*, 551 F.3d at 301 (holding that district court should have dismissed case for lack of subject matter jurisdiction instead of entering judgment on merits where plaintiff failed to exhaust administrative remedies). The court finds that the Magistrate Judge properly considered and rejected Plaintiffs' argument concerning *Laber*.

**Beane's Retaliation Claim.** Plaintiffs object to the Magistrate Judge's conclusion that Beane failed to exhaust her administrative remedies relating to her claim for retaliation. The court agrees with the Magistrate Judge's conclusion that Beane's retaliation claim is not covered by Beane's EEOC charge. As noted in the Report, the scope of a plaintiff's right to file a federal lawsuit is determined by the contents of the charge. *Jones*, 551 F.3d at 300. To determine whether a claim is encompassed in the charge, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Id.* (quoting *Evans*

4

*v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)). Beane checked the box for race discrimination in her charge and did not check the box for retaliation. The narrative portion of Beane's charge did not include any discussion related to retaliation. Notably, when Beane submitted her charge, she had already been terminated from Agape. *See McMillian v. S.C. Dep't of Corr.*, 16 F. Supp. 2d 635, 646 (D.S.C. 1997) (holding that where a party could have raised allegations of retaliation at the time she filed her charge, exhaustion of administrative remedies with respect to that charge is required). Plaintiffs have not proved that Beane's claim of retaliation was developed through the EEOC's investigation of Beane's charge. The court, therefore, concludes that Beane's claim for retaliation should be dismissed because she failed to exhaust her administrative remedies as to this claim.

**Hicks-Johnson's Race Discrimination and Hostile Work Environment Claims.** Plaintiffs also object to the Magistrate Judge's conclusion that Hicks-Johnson failed to exhaust her administrative remedies in connection with her claims for race discrimination and hostile work environment. Hicks-Johnson checked the box for retaliation on her EEOC charge and did not check the box for race discrimination.[2] The narrative accompanying her charge did not mention that she was the target of race discrimination or any incidents that suggest that she was subjected to a hostile work environment. Her narrative described her belief that she was terminated for complaining to Agape about being prohibited from hiring white applicants and for assisting another employee (Beane) as a witness in Beane's discrimination investigation. Nothing in her narrative suggests that she believed she was the victim of any race discrimination or subjected to a hostile work

---

[2] The court notes that there is no box for "hostile work environment" on the charge form signed by either Hicks-Johnson or Beane. However, the date of discrimination alleged on Hicks-Johnson's charge was May 29, 2007. A claim for hostile work environment is not reasonably related to a claim for retaliation with a period of discrimination of one day. *See* Dkt. No. 6-7 at 2.

environment. Plaintiffs have not proved that Hicks-Johnson's claims of race discrimination or hostile work environment were developed through the EEOC's investigation of Hicks-Johnson's charge. Accordingly, the court concludes that the Magistrate Judge correctly concluded that Hicks-Johnson's race discrimination and hostile work environment claims should be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons set forth above, the court adopts the Report in full and grants Defendant's motion to dismiss. The only remaining claims relate to Beane's allegations of race discrimination and hostile work environment and Hicks-Johnson's allegation of retaliation.[3] The case is remanded to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 11, 2009

---

[3] On remand, the Magistrate Judge should consider whether to sever the claims of the two Plaintiffs, requiring the second-named Plaintiff to file a new complaint (with benefit of relation back) and pay a separate filing fee. As appropriate, the matters might then be consolidated for pretrial management in the discretion of the Magistrate Judge. Whether the cases should be consolidated for trial is a matter which will be decided by the undersigned once that stage of the proceedings is reached.